## WENDEL vs. DURBIN.

CONSTRUCTION OF STATUTES: (1–3.) *When statute mandatory.*
PRACTICE: (4.) *Service of summons. Indorsement of date of service. Statute mandatory.* (5.) *When judgment as on default should be vacated without affidavit of merits.*

1. Directory statutes are such as are not of the substance of the thing provided for.
2. That which a public officer is directed by law to do for others, and which is intended for their benefit, and is beneficial to them, the law holds must be done.
3. Statutes imposing a duty, and giving the means of performing it, are to be regarded as *mandatory*.

4. The provision of statute (Laws of 1869, ch. 68) requiring the person who serves a summons to indorse thereon the date of service, etc., is *mandatory ;* and the service is not complete without such indorsement, unless defendant waives it.
5. Judgment as upon default having been taken after a service defective for lack of such indorsement, a motion to vacate the judgment for that reason should have been granted, without any affidavit of merits, and this, even though the motion was so made as to constitute a general appearance in the action.

APPEAL from the Circuit Court for *Calumet* County.

Ejectment. Judgment having been entered against the defendant as for a default in answering, he moved to set it aside on the ground that no summons had ever been served in the manner required by the statute. It appeared that the copy summons served did not contain any indorsement stating the date of service, and that the same was a true copy of the original, as required by ch. 68, Laws of 1869. There was no affidavit of merits. The motion was denied, and the defendant appealed.

*R. P. Eaton,* for appellant, cited 2 Whit. Pr. 577–580; 14 Wis. 28; 18 id. 397; 13 id. 569; 20 id. 302, 500; 23 id. 513.

*Gillet, Pier & Bass,* for respondent, contended that ch. 68, Laws of 1869, is directory only; and that defendant, having appeared in the cause without specifying that it was for a special purpose, had waived any defect in the service of summons, and could not have the judgment set aside without an affidavit of merits. Rule 17, C. C. Rules.

DIXON, C. J. The statute (Laws of 1869, ch. 68) prescribing that in all cases of service of summons, " the officer or person making such service shall indorse on such copy, over his signature, the date of such service, and that the same is a true copy of the original," is mandatory and not directory in its terms, and the service, to be effectual for any purpose, must

be in accordance with it, unless the requirement is waived by the defendant. The indorsement is one step in the service, and a necessary part of it, as much so as the delivery of the copy. This must be the effect of the statute, or else it can have no effect, and it is not admissible to construe it so that it shall be wholly inoperative. Directory statutes are such as are not of the substance of the thing provided for. *McCune v. Weller*, 11 Cal. 54 et seq., and cases cited. That which a public officer is directed by law to do for others, and which is intended for their benefit, and is beneficial to them, the law holds must be done. *Mason v. Fearson*, 9 How. U. S. 249. Statutes imposing a duty, and giving the means of performing such duty, are to be regarded as mandatory. *Veazie v. China*, 50 Maine, 518; and *Milford v. Orono*, id. 529, and cases cited. The statute in question imposes a duty upon the officer or person serving the process, which is beneficial or may be beneficial to the party served. Without such indorsement the ignorant or illiterate may not know, or may not remember, the date of service; and so the time for answering may expire, and the opportunity for defense be lost, with little or no fault on their part. It was for the protection of such the statute was enacted. And again, where the service is by copy left at the usual place of abode, and not personal, the indorsement may, very frequently, and for the same reasons, be of the utmost benefit to the party served.

In this case the defect was not waived by the defendant. Judgment was taken against him as by default, and he moved in the court below at the earliest opportunity to have it set aside because the statute was not complied with  And his motion was regular. The ground of it was specified in the affidavit upon which the motion was made, which was a compliance with the rule. No affidavit of merits was necessary, because the default and judgment were

irregular. 1 Burrill's Pr. 415, 416. They were even more. They were void for want of jurisdiction. Whether the motion was so made as to save the appearance of the defendant, we need not inquire. For if it was not, and he is to be deemed to have appeared for the purpose of future proceedings, he was still entitled to the order.

*By the Court.*—The order overruling the motion is reversed, and the cause remanded with directions to grant the motion and set aside the judgment, in accordance with this opinion.