## KLAUBER vs. CHARLTON.

BOND *of assignee for creditors; what informality not fatal to assignment.*

1. The statute of this state (ch. 64 of 1858) in terms requires the bond of an assignee for the benefit of creditors to be executed to the county judge or court commissioner as obligee.

2. Where the bond actually given by the assignee is substantially a good one, effectual to secure all the objects contemplated by the statute, a

merely formal defect or want of compliance with the statute in its execution will not render it or the assignment void. 22 Wis., 235; 35 id., 461.

3. By the provisions of the statute, the county judge or commissioner is a merely *nominal* or *formal* obligee, the bond being required to be filed with the clerk of the circuit court, and all suits thereon for the benefit of creditors brought by such creditors in the name of the clerk or his successor in office. *Held*, therefore, that the bond in this case was valid and sufficient, although it ran to the clerk of the circuit court as obligee.

RYAN, C. J., dissents.

APPEAL from the Circuit Court for *Dane* County.

In February, 1878, Bernard Kohner, being insolvent, executed to *Isaac Klauber* a general assignment, in the usual form, for the benefit of his creditors; and the assignee executed his bond as such, with sureties, etc., also in the usual form, except that it ran to Bernard Esser as clerk of the circuit court for Dane county, and not to the county judge or a court commissioner of such county. The bond was approved by and delivered to the county judge, and by him filed with the clerk of the circuit court.

In the affidavit of one of the sureties on said bond as to his property qualifications, the blank space after the venue and before the words " one of the sureties," etc., was not filled in with the name of the surety, which was, however, signed by him at the end of the affidavit.

Immediately upon the execution of the assignment, the assignee entered upon the duties of his trust, and took possession, as such assignee, of the assets of the insolvent, including a stock of goods; but on the evening of the same day, defendant, as sheriff of said county, took possession of said stock of goods under an execution upon a judgment against said Kohner, and also under writs of attachment against his property, issued at the suit of creditors. The assignee thereupon brought this action to recover possession of the goods.

On the trial, defendant made proof of his right to hold the goods upon his writs in case the assignment was void. By direction of the court, a verdict was found for the defendant, and judgment was rendered against the assignee, who had ac-

quired possession of the goods under the statute, and against *Samuel Klauber*, as his surety in the action, for the value of defendant's interest in the property, as assessed by the jury. From this judgment the plaintiff and *Samuel Klauber* appealed.

For the appellants, separate briefs were filed by *Sloan, Stevens & Morris* as attorneys, and by *S. U. Pinney*, of counsel; and there was oral argument by *Mr. Sloan* and *Mr. Pinney*.

For the respondent, a brief was filed by *Vilas & Bryant*, and the cause was argued orally by *Wm. F. Vilas*.

ORTON, J. The plaintiff, *Isaac Klauber*, relies for his title to the property in question, upon an assignment made to him by one Bernard Kohner, for the benefit of his creditors. The only objection to this assignment, relied upon in the argument before this court, is, that the assignment is void because the bond, required by section 1 of ch. 64, Laws of 1858, to be given to the county judge or a court commissioner as the obligee, was in this case executed to the clerk of the circuit court.

The language of the first section, "execute and deliver to the county judge or court commissioner," and "satisfy the officer taking such bond," and of the second section, "be filed by the officer to whom such bond is executed," and of the third section, "in the presence of such officer to whom such bond is made," admits of no doubtful construction, and unquestionably requires such bond to be executed in form to the county judge or court commissioner as the obligee. Whether the assignment is void for this reason depends upon the further question, whether the bond so executed is void. If the bond is substantially a good bond, and effectual to secure all the objects and purposes contemplated by the statute, although not executed strictly according to the letter and formalities of the statute, it would be most unreasonable to assume that it was the intention of the statute that the assignment should be void. The statute does not provide that the bond here required shall be void for any departure from the statute which

is not material; and this omission so to provide is proper to be considered in passing upon its validity. *Lewis, Governor, v. Stout,* 22 Wis., 235. In the case of *Hutchinson v. Brown,* 33 id., 464, the validity of the assignment is made to depend upon the validity and sufficiency of the bond; and this case seems to be fully within the principle of that case, as to the validity of the bond supporting the assignment.

The departure from the statute in that case was, that the bond was in a sum not less than the *real* value of the assets, and the statute requires the bond to be in a sum not less than the *nominal* value of the assets.

The difference between the *real* and *nominal* value of the assets might be very great, and the *nominal* value would, in most cases if not invariably, be greater than the *real* value, and the bond based on such sum would be safer and better security for the creditors and the assignor, because in all cases it would be sufficient, while one based upon the *real* value might and probably would be in many cases insufficient. This would seem to be almost a material departure from the statute, as affecting the security of the creditors; and yet this court held in that case that both the assignment and the bond were valid, and the late eminent chief justice says in his opinion, that "the objection thus taken savors very strongly of nicety, and an over-scrupulous regard for literal statutory construction," and that the bond in that case "will satisfy the real object the legislature had in view, and accomplish the substantial purpose of the enactment;" and again: "Protection to the creditors being the great and only object aimed at by the statute, and that being fully attained, we cannot pronounce the bond insufficient."

The statute, literally construed, requires the county judge or a court commissioner to be the obligee of the bond; but why and for what reason or purpose it is so required, it is impossible to conceive. The obligee in other cases generally has some discretion to exercise; or he has to administer some trust, or has some responsibility for the proceeds of the bond, when executed to him personally or *colore officii;* or his name

has to be used in suits upon the bond for his own benefit, or for the use of others; or he is required to have the legal custody of the bond; and, if given to him as an officer, his successors in office would have the same relations to it by substitution. But in this case, the obligee is merely *nominal*, and essentially *formal*. Neither the officer named as obligee nor his successors in office have anything whatever to do with the bond after its formal execution, except to file it in the office of the clerk of the circuit court; and it cannot even be sued in his name, or in the name of his personal representatives or official successors. The county judge or court commissioner, after taking such bond, executed to himself, *eo nomine*, or in the name of his office (and in which form the statute does not even direct), immediately files it in the office of the clerk of the circuit court; and all suits thereon for the benefit of the creditors of the assignor must be brought by such creditors themselves, and *alone* in the name of such clerk or his successors in office. This filing of the bond in the office of the clerk is equivalent to, and is in effect, an assignment of it, by the nominal obligee, to such clerk and his successor in office; and the statute operates as such an assignment *vigore cujus*, to the only proper person who can sue upon it. This is the indirect and unaccountable method prescribed by the statute; the method of accomplishing precisely the same result, far more direct and reasonable, would be to execute the bond to the clerk as the obligee, as was done in this instance.

Whether this was such a material variance from the requirement of the statute as to invalidate the bond, may well be answered in the language of this court above cited: "Protection to the creditors being the great and only object aimed at by the statute, and that object being fully attained, we cannot pronounce the bond insufficient." In the case of *Vandyke v. Weil*, 18 Wis., 278, involving the question of the validity of an undertaking upon an appeal, this court said: "The intention of the legislature clearly was, to make the undertaking effectual to secure some benefit to the respondent in case the

judgment was affirmed in any part or as to any of the appel-
lants; and to attain that object a liberal interpretation is allow-
able.   Such is the language of the authorities, and no doubt
the correct rule of law.   We are to construe the undertaking
in conformity to the intention of the act under which it was
made, and with reference to which the makers must be sup-
posed to have executed and delivered it, giving to both a fair
and liberal interpretation to attain the end in view." In *Lewis,
Governor, v. Stout, supra,* where the bond was executed to
the governor, instead of to the state as the law required, and
objection was taken to its validity by the obligors for that
reason, this court held that, "the subject matter being suffi-
cient, and the parties competent to contract with reference to
it, the contract so freely executed is valid and binding.   It is
a good common-law obligation." We do not think that this
departure from the strict and literal requirement of the stat-
ute as to the nominal obligee of the bond in this case is at all
material, or that it impairs the validity of the bond as a *stat-
utory* obligation, or at all affects the liability of the obligors
upon it.   "It is unnecessary to the validity of a bond taken
under the statute, that it should strictly comply in every re-
spect with the requirements of the statute.   Nor is it void for
slight departures from the statute, unless expressly declared
to be so."   *Nunne v. Goodlett,* 10 Ark., 89; 6 Term R., 702;
2 Bailey, 362.   Whether this bond is valid as a statutory bond
or as a common-law obligation, where it secures all the objects
of, and in all other respects so fully conforms to, the statute,
and the statute itself so fully provides its uses, and how and by
whom and in whose name it shall be sued, and its proceeds
made available to the creditors of the assignor, is quite imma-
terial; for its effect as a common-law bond, would, at most, in
such a case, determine in whose name suit should be brought
upon it; and here even that is provided for by the statute
itself, which in that respect is imperative and explicit.   The
statute also determines the official succession of the bond, and
therefore it is quite idle to speculate upon questions not in
the case, and to which many of the authorities cited on both

sides are alone applicable, as, whether the county judge or the clerk, as the obligee of this bond, is *quoad hoc* a corporation sole, or whether the personal representatives or assigns of either of them could sue upon it. In the case of *People v. Jones*, 22 Mich., 461, where the county treasurer, by the statute, was required to give a bond to the auditor general of the state as obligee, to be approved by the prosecuting attorney and circuit court commissioners of the county, before selling lands for taxes, and it was not approved by the prosecuting attorney, and only by one of the court commissioners, and where suit was, according to the statute in the cases of such bonds, to be brought in the name of the people, the bond was held valid. The language of the opinion of the chief justice in that case is far more applicable to the question raised in this case than to the one in that: "It may be admitted for the purposes of this case, that unless, *as between* the *people* and the *defendants*, this can be treated as a statute bond, the action should have been brought in the name of the obligee. Such seems to be the general current of authority — a doctrine, however, which, when applied to cases where the bond is valid, and was evidently intended by the parties for the same purpose as that required by the statute, savors more of technicality than justice and common sense."

The circuit court having ordered the jury to find a verdict for the defendant for the reason that the assignment is void, because the bond does not conform to the statute, and for no other or sufficient reason, as appears from the record or the argument of counsel, the judgment must be reversed.

RYAN, C. J. I am unable to concur in this judgment. I cannot resist the impression that the true question involved is somewhat overlooked in the opinion of the court. The opinion turns almost entirely upon the validity of the assignee's bond, rather than upon the validity of the assignment upon which the rights of the parties rest.

The opinion of the court holds, and I have no doubt correctly, that the statute makes the county judge or court com-

missioner the proper obligee of the bond. It proceeds, however, to hold the bond executed to the clerk sufficient to support the assignment; but whether as a statutory or as a common-law obligation, I am unable to gather with any certainty from the opinion.

If the assignee's title had not been questioned, and he had disposed of the property assigned, he would doubtless be liable to the creditors for whose benefit the trust was created. *Geisse v. Beall*, 3 Wis., 367. And it may be that the bond given by the assignee might, in that case, be held a valid obligation at the common-law, though I entertain great doubt of it. For the obligee of the bond, in his official capacity, would be a stranger to the subject matter, without interest or duty in the premises. And upon his death, any title he could take in the bond might go to his personal representatives, as held in *Hibbitts v. Canada*, 10 Yerger, 465.

I have carefully considered what is said by DIXON, C. J., in *Lewis v. Stout*, 22 Wis., 234, on the doctrine that defective statutory bonds may be good as common-law obligations; and have examined all the authorities which he cites. I always feel great deference for all that so great a jurist has said, upon full consideration, of points on which his judgments turn. But in *Lewis v. Stout* he had already upheld the bond as the proper statutory bond; what he added in reference to defective statutory bonds was purely *obiter;* and, as *obiter dicta* so often are, perhaps not considered with the care and research which it was his habit to give to controlling questions.

It has undoubtedly been often held that a defective statutory bond may be enforced against the obligors, as a common-law obligation, for acts done under it, in favor of parties who would have been protected by the proper statutory bond; though the contrary has also been held, as in *Justices v. Shannonhouse*, 2 Devereux, L. R., 6. But I know of no case, I should — on principle — be reluctant to follow any, holding a defective statutory bond sufficient, as a common-law obligation, to fulfill a statutory condition precedent to a statutory right. In the former case, defective statutory bonds are

upheld as obligations at the common law, *ex post facto*, to protect rights accrued in past transactions, which should have been protected by proper statutory bonds. In the latter case, courts cannot assume to support defective statutory bonds, *in principio*, as obligations at the common law, to fulfill the office of the proper statutory bonds as the foundation of future proceedings. The former is not inconsistent with the statute, but in aid of it. The latter would defeat the statute. And the question here is not the liability of the assignee under his bond, as a common-law obligation, for his doings under the assignment, had the assignor's creditors submitted to it; but whether the bond is a sufficient statutory bond to vest title in the assignee, as against creditors, under the assignment. The bond is, so to speak, jurisdictional. The assignee takes no title, as against creditors, by the assignment, except upon execution of the statutory bond. Neither he nor the court can fulfill the statutory condition precedent by a common-law obligation. And the validity of the bond given, as a common-law obligation, appears to me to be foreign to the question.

The late learned chief justice remarks in *Lewis v. Stout*, that "a bond taken under a statute is not void because it does not conform to the statute, unless the statute so declares." And a similar remark is made in the opinion of the court in this case: "The statute does not provide that the bond here required shall be void for any departure from the statute, which is not material; and this omission so to provide is proper to be considered in passing upon its validity."

I entertain grave doubt of the accuracy of the late chief justice's remark, as broadly as it is made. Conceding it, however, it is true that the statute here does not expressly declare a bond, purporting to be given under it, void for any cause. But it does expressly declare that any voluntary assignment for the benefit of creditors shall be void as against creditors, unless the assignee shall execute the bond required by the statute. That may or may not make a bond, different from the statutory bond, void as a common-law obligation; but it certainly makes void, as against creditors, any assign

Klauber vs. Charlton.

ment where the assignee does not execute the bond prescribed by the statute. Failing the statutory bond, the creditors of the assignor in this case had an absolute statutory right to treat the assignment as void, and to deal with the property assigned as the property of their debtor.

The opinion of the court concedes that the bond in this case does not comply with the statute; but rests the judgment in part upon the position that it is not materially different, for the protection of creditors, from the statutory bond. The difficulty is, that it is not even a defective statutory bond, but a bond essentially different from the statutory bond; not the like thing with a difference, but an essentially different thing. It does not purport to comply with the statute. The question is not one of detail, material or immaterial. It goes to the whole instrument. It is not executed to the statutory obligee, but to a different officer. Certainly the obligee of a bond goes to the essence of the bond itself, and cannot be immaterial, in a legal sense, even when the obligee is an officer without interest or duty. Two bonds, in the same penalty, with the same condition, to different obligees, are essentially different contracts. One obligee may enforce the bond, because of his interest in the subject matter, his right to the performance of the condition. The other may fail to enforce the bond, for want of interest in the subject matter, want of right to the performance of the condition. Here one officer has statutory right to take the bond; the other, the actual obligee, has no statutory right to take it. As a statutory bond, it is *nudum pactum*. So here is not a partial, but a total, failure to comply with the statute; not a failure in intent to follow the statute, but a voluntary departure from the statute; a voluntary substitution of another obligee for the statutory obligee; a total failure of the statutory bond.

It may be true that the statute might as well or better have required the bond to be executed to the clerk. The trouble is, that the statute requires the bond to be executed to another officer, and thereby, in contemplation of law, prohibits its execution to the clerk. *Ita lex scripta est.* The court has no

authority to sustain the assignment without the statutory bond, because it may consider that the bond given *out* of the statute might be as good for the purpose as the bond prescribed *in* the statute; or to sanction a bond which has no sanction in the statute. It is neither for parties nor courts to adopt substitutes for statutory proceedings. The legislature *has* declared that the bond must run to the county judge or court commissioner — to no other officer or person, in order to sustain the assignment as against creditors. And I submit, with great deference, that the court was outside of the judicial function in holding the bond to the clerk sufficient.

It is a dangerous precedent to sustain so plain a departure from a statutory obligation. It appears to me that, within the rule adopted in this case, the assignee might as well have elected, at his own pleasure, in disregard of the statute, to have executed his bond to the circuit judge or to any other public officer, as to the clerk; perhaps even to a private person. And this judgment may be taken to sanction other statutory bonds voluntarily executed to wrong obligees, other voluntary departures from the prescribed form of statutory proceedings.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

A motion by the respondent for a rehearing was denied.