FARWELL & Co. vs. GUNDRY, Garnishee.

*April 19 — May 10, 1881.*

GENERAL ASSIGNMENT for benefit of Creditors: *What mistakes will not invalidate: Power of court to require further security.*

1. Sec. 1697, R. S., declares, with reference to the inventory of the assets of a general assignor for the benefit of creditors, which is required to be filed within a specified time, that "*no mistake* therein shall invalidate such assignment," etc. *Held,* that this includes *mistakes of law,* as, in

this case, a mistake as to the exemption of certain real property from liability to sale on execution.

2. The mere fact that, through mistake, the whole of the assignor's property was not scheduled in the first instance, does not invalidate the assignee's bond; but the circuit court has authority to require further security from the assignee.

APPEAL from the Circuit Court for *Iowa* County.

Henry S. Clauer executed a voluntary assignment, for the benefit of his creditors, of all his property not exempt by law from seizure for his debts, to *Joseph H. Gundry*, in attempted compliance with the statute in that behalf. R. S., 497, ch. 80. *Gundry* took possession of the property so assigned, and proceeded to execute the trusts of the assignment. Afterwards the plaintiffs recovered a judgment against Clauer, issued execution thereon, and caused *Gundry* to be summoned as garnishee of Clauer. *Gundry* answered to the garnishee process, setting up the assignment, and claiming to hold the assigned property by virtue thereof. He admitted that he held more than sufficient money, realized from sales of the property, to pay the plaintiff's judgment.

The plaintiffs took issue on the answer, and in the circuit court contested the validity of the assignment, on the ground that a parcel of real estate belonging to the assignor, and not exempt from seizure for his debts, was omitted from the inventory of assets filed in attempted compliance with the requirement of the statute. R. S., 498, § 1697.

The findings of fact and conclusions of law filed by the circuit judge before whom the issue was tried, are as follows: "I find that the assignment made by Henry S. Clauer to *Joseph H. Gundry*, on the 25th day of January, A. D. 1879, was incorrect, in that said assignor did not include in his schedule of assets a piece or tract of real estate of the value of $300, the same being that part of his homestead in excess of the quarter acre exempt from execution, and that said tract of land was omitted from said schedule purely by mistake and

inadvertence; and that as soon as said mistake was discovered the said H. S. Clauer and *Joseph H. Gundry* included the said tract of land in their schedule of assets. And as conclusions of law I find that said assignment is valid in all respects, and that the said *Joseph H. Gundry*, the assignee of said Henry S. Clauer, has no money, property, effects, credits or funds in his hands, belonging to said Henry S. Clauer, subject to garnishment."

From a judgment dismissing the garnishee proceedings, with costs, the plaintiffs appealed.

For the appellants there was a brief by *Wilson & McIlhon*, and oral argument by *Mr. Wilson*. They contended, 1. That the assignment was void for the failure to file a correct inventory within ten days after its execution. R. S., sec. 1697. It is claimed, indeed, that the omission of a part of the assignor's land from the inventory occurred through a mistake. But the evidence shows clearly that it was not a mistake of fact, but one of law. Even courts of equity do not relieve against a mistake of law (1 Story's Eq. Jur., 111; *Hurd v. Hall*, 12 Wis., 113; *F. L. & T. Co. v. Bank*, 23 id., 249; *Birkhauser v. Schmitt*, 45 id., 316), and the statute, in providing that a mistake in the inventory shall not invalidate it, should be construed as referring to mistakes of fact. 2. That the statute does not provide for a supplementary schedule, and the original inventory could be corrected only by order of court, and then only subject to the intervening rights of creditors. Burrill on Assignment, 351–2. 3. That the statute requires that the inventory of assets and list of creditors " shall *each* be verified " by the assignor's oath; while in this case there was only *one* verification, referring to both instruments. 4. That no sufficient bond was filed. Sec. 1694, R. S., requires the bond to be in a sum "not less than the whole amount of the nominal value of the assets." The bond here was in the sum of $8,000 only; while the nominal value of the assets, including the land subsequently added, was $8,166.

For the respondents there were briefs by *Henry & Smith*, and oral argument by *Mr. Smith.*

LYON, J. The case is within very narrow limits. It involves but a single question, the solution of which is not difficult. Save the omission from the inventory of the parcel of land mentioned in the findings of fact, the proceedings in the execution of the assignment are in strict compliance with the requirements of the statute in every particular. The proofs fully sustain the finding that the omission of that tract was by mistake. It was, however, a mistake of law, the parties to the assignment supposing the law exempted a homestead of forty acres to the assignor, when it only exempted one-fourth of an acre. The precise question is, therefore, Is the provision of section 1697, to the effect that no mistake in the inventory of assets or list of creditors shall invalidate the assignment, sufficiently broad to include a mistake of law? We are clearly of the opinion that this question should be answered in the affirmative. The title to the assigned property passed to the assignee by the execution of the assignment, without inventory or list, as at common law. Section 1697 creates conditions subsequent, which did not exist before the section was enacted, to wit, the filing of the inventory and list within a specified time. A failure to file either of these may defeat the title of the assignee. The fact that a breach of either of these conditions may work a forfeiture of title, and thus defeat the trusts created by the assignment, calls for a reasonably liberal construction of the saving clause in the statute in favor of the validity of the assignment.

The language of that clause is very general and comprehensive: "*No* mistake therein shall invalidate such assignment or affect the right of any creditor." To confine its operation to mere mistakes of fact, when the statute expresses no such limitation, would be to apply a rule of construction directly contrary to that above stated. In order to save the title of the

assignee, and thus preserve the trusts created by the assign-
ment, we do not hesitate to hold that the statute saves the as-
signment whether the mistake be of law or of fact. The
principles upon which section 1697 must be construed are
stated and fully discussed by Mr. Justice ORTON in *Steinlein
v. Halstead*, decided herewith, and are in harmony with the
views above expressed. Something was said in the argument
of the present case concerning the effect upon the assignee's
bond of the omission to schedule all of the property of the
assignor in the first instance. It is sufficient on this subject to
say that by the assignment the assignor conveyed to the as-
signee all his property not exempt by law from seizure for his
debts, and that the nominal value of such property was ascer-
tained in the manner, and the bond executed in the form and
for the amount, required by law. If, for any reason, the bond
should become insufficient, the circuit court has ample author-
ity to require further security from the assignee.

*By the Court.*— The judgment of the circuit court is
affirmed.