## STEINLEIN vs. HALSTEAD.

*April 20 — May 10, 1881.*

*General assignment for the benefit of creditors.*

Where the assignor in a general assignment for the benefit of creditors has made and filed a correct inventory of his assets and list of creditors as required by the statute, the assignment is not invalidated by the mere fact that the assignee has failed to affix his certificate thereto within ten days after the execution of the assignment (sec. 1697, R. S.); the provision as to such certificate not requiring it, in terms, to be affixed before the filing of the list and inventory, and being merely *directory.*

APPEAL from the Circuit Court for *La Crosse* County.

Replevin. Plaintiff claimed the property as assignee of one Jacobus. Defendant claimed a special property in the goods as sheriff, by virtue of several attachments against the property of Jacobus. The question was as to the validity of the assignment; and the facts bearing upon that question will sufficiently appear from the opinion.

By direction of the court, a verdict was returned for the defendant; and plaintiff appealed from a judgment on such verdict.

For the appellant there was a brief signed by *Toeller & Stevens*, his attorneys, and *Cameron, Losey & Bunn*, of counsel, and oral argument by *Mr. Bunn.*

For the respondent there was a brief by *Howe & Tourtellotte*, and oral argument by *Mr. Howe.*

They contended, among other things, that the statute positively requires the list to have affixed a certificate of the assignee, and says that a failure to make and file *such* a list shall render the assignment void. R. S., sec. 1697. The last clause in the section contemplates a mistake in the legally executed list. If not legally executed there is, in law, no list; and in such case there can be no mistake in it. A statute should be so construed as to give effect to all its parts. *Dillingham v. Fischer*, 5 Wis., 475; *State ex rel. Calkins v. Harvey*, 13 id.,

370; Broom's Leg. Max., 664. This statute is mandatory, and should be strictly construed. *Churchill v. Whipple*, 41 Wis., 611; *Smith v. McCulloch*, 42 id., 565; *Hopkins v. Langton*, 30 id., 386; *Wendel v. Durbin*, 26 id., 390. See also *Hutchinson v. Brown*, 33 id., 465; *Klauber v. Charlton*, 45 id., 600, 608; *Ball v. Bowe*, 49 id., 497. The certificate is of the essence of the requirement, and is expressly so made by the statute. The list is designed to provide against fraudulent assignments in favor of fictitious creditors. *Bona fide* creditors may be greatly injured if the filing of the list be delayed, or if the list be not certified to by the assignee. The certificate is the required form of evidence that the list is correct. It is itself no part of the list proper, but bears a relation to the list and the assignment similar to that which an acknowl-edgment was held to bear to the assignment in *Hardmann v. Bowen*, 39 N. Y., 198. Without it there can be no legal list. See *Juliand v. Rathbone*, 39 N. Y., 369; Burrill on As-signments, 530–532; *Produce Bank v. Morton*, 67 N. Y., 203. If the certificate is not essential to the list, neither is the verification. If one departure from the statute be per-mitted, the entire statute may be practically done away with.

ORTON, J. The vital question in this case is, whether the assignment which was offered as the evidence of the plaintiff's title to the property, is void on account of the omission of the plaintiff, as assignee, to affix his certificate to the list of credit-ors, as required by section 1697, R. S., before the filing of such list in the office of the clerk. That section provides that "within ten days after the execution of the assignment, the assignor shall also make and file in the office of said clerk a correct inventory of his assets and a list of his creditors, stat-ing the place of residence of each such creditor and the amount due to each, which inventory and list shall each be verified by his oath, *and have affixed a certificate of the as-signee* that the same is correct according to his best knowledge

Steinlein vs. Halstead.

and belief; and a failure to make and file such inventory and list shall render such assignment void; but no mistake therein shall invalidate such assignment or affect the right of any creditor." It is assumed by the learned counsel of the respondent, *first*, that this section in terms requires that the oath and certificate therein mentioned should be made and the certificate affixed before the filing of the inventory and list, and that a failure to do so renders the assignment void; and *secondly*, that the statute in this respect is mandatory, and a strict performance of this requirement is a condition precedent to the taking effect and validity of the assignment. The first point is one of construction, and the true meaning and intent of the provision must be ascertained, if possible, from the language itself, in its ordinary use and the relations which the words bear to each other in the formation of the sentence according to generally accepted rules. The controversy is in relation to the use and meaning of the word "such" in that part of the sentence: "And a failure to make and file *such* inventory and list shall render such assignment void."

It appears to us that the most natural and reasonable, as well as the most grammatical, construction of the word "such," as here used in reference to its antecedent, is that it refers only to "a correct inventory" of assets, and a list of creditors, without any reference whatever to the oath of the assignor or the certificate of the assignee: *First*. Because the oath and certificate are not constituent parts of the inventory and list, but are extraneous and distinct from them, and are merely the verification and certificate of them; and the reference is only to the inventory and list as such, and nothing more. They do not in any sense affect the essential qualities or character of the inventory or list, or make them more correct and perfect than they are inherently so. This reference is to these two specific subjects or things, and to nothing else, and it should not be extended to embrace anything more than what is certainly within its terms. If the language, " such inventory and

list," was intended to have the qualification "so verified and certified," such an important qualification should be, and probably would have been, clearly expressed. *Secondly.* This is a reasonable and natural construction, and may as well be made as the other, to say the least of it; and, according to an obvious rule of interpretation, that construction should be adopted which will not increase or extend the causes of forfeiture, or which, in this case, would not render the assignment void. *Thirdly.* The language, "and a failure *to make and file,*" clearly indicates that the failure spoken of is solely that of the assignor, and limits such failure to the *making* and *filing* alone. These are acts which can be done only by the assignor personally. He is required, first, to make a correct inventory and list of his creditors; and, secondly, to file the same. This he has done, and in so doing he has strictly complied with the requirement of the statute. It is the failure of the assignor to do these two particular acts, which he is required personally to perform, which renders his assignment void. Rendering his assignment void is the penalty affixed to his own failure to perform these acts. This plain and simple language cannot be extended by construction to embrace the failure of the assignee to affix his certificate to the inventory and list so to be *made* and *filed* by the assignor. *Fourthly.* The language of the section immediately following carries out this construction: "but no mistake *therein* shall invalidate such assignment," etc. Here the word "therein" has precisely the same reference of the word "such," as used above; and it is admitted by the learned counsel of the respondent, and unquestionably true, that this word refers only to the inventory and list as such, without embracing the verification and certificate. Adopting the same language in both cases would not change the sense, as if it read, "but no mistake (in *such* inventory or list) shall invalidate," etc. The other construction would embrace a mistake in affixing or by not affixing the certificate to the list, and would lead to the same result, and the failure by

mistake to affix the certificate would not invalidate the assignment. But such a construction, as we have seen, cannot be sustained. We must therefore hold that the statute does not in terms declare the assignment void for the failure of the assignee to affix his certificate to the list before its filing. The proposition that this requirement is mandatory, and must be strictly performed in order to render the assignment valid, is equally untenable. Whether this particular requirement is mandatory, or directory only, must be determined by the usual rules for determining the question in all cases where the intention of the legislature to make it mandatory or otherwise must be ascertained from the nature and relations of the act to be done. These rules have been laid down in cases in this court as explicitly and correctly as in any cases to be found, and are as follows: "That where there is no substantial reason why the thing to be done might not as well be done after the time prescribed as before; no presumption that by allowing it to be so done it may work an injury or wrong; nothing in the act itself, or other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done after the time prescribed than not to be done at all,— then the courts assume that the intent was that, if not done within the time prescribed, it might be done afterwards." *State ex rel. Cothren v. Lean,* 9 Wis., 292. And again: "Directory statutes are such as are not of the substance of the thing provided for." *Wendel v. Durbin,* 26 Wis., 390.

In respect to these requirements, the essential thing to be done, or "the substance of the thing provided for," is the making and filing of a correct inventory of assets and list of creditors within ten days after the execution of the assignment. The creditors are concerned and interested in this alone, and it is essential that both the inventory and list should be as perfect and correct as possible, and be filed within the time, for the information of all concerned. Neither the oath of the assignor nor the certificate of the assignee

could make either of them more complete or correct, or be conclusive evidence that they were correct, or add anything to them in any essential particular, or be of any conceivable benefit to any one concerned. The verification might be a sanction or pledge binding upon the conscience of the assignor; and the certificate of the assignee, "according to his best knowledge and belief," might possibly afford some slight evidence of his good faith in accepting the trust. The assignee cannot be presumed to have any actual and personal knowledge that the inventory of assets was correct, or that the list of creditors stated correctly the place of their residence and the amount due to each, more than the creditors themselves. Neither the oath nor certificate is much more than a mere formality, and both may as well be made after as within the ten days, so far as any practical effect or beneficial use is concerned. Here there is no pretense, in fact, that the inventory and list are not correct. This comparatively unimportant and nonessential requirement comes most clearly within the above rules as a merely directory provision of the statute, and its performance within the time named is not essential to the validity of the assignment.

Nor must the maxim *expressio unius exclusio alterius* be ignored or underrated in the interpretation and construction of this statute. There are many of the requirements of this statute whose performance is essential to the validity of the assignment, and made so in express terms; but this, as we have seen, is not one of them. This creates a very strong presumption that the legislature did not intend to make a failure in this respect invalidate the assignment. This principle is recognized, in respect to statutes relating to assignments as to other matters, by many authorities, among which are *Hardmann v. Bowen,* 39 N. Y., 199; *Lewis, Governor, v. Stout,* 22 Wis., 235; *Hutchinson v. Brown,* 33 Wis., 464; *Klauber v. Charlton,* 45 Wis., 600; and in a late case of *Hark v. Gladwell,* 49 Wis., 172, it was held that the statute requir-

ing the order for changing a road, together with the award of damages, to be filed with either the county or town clerk within ten days from the making of such order, was directory merely, and the present chief justice mentions, as one of the reasons for so holding, that another provision of the statute declared that on failure to file a certain order, together with the award of damages made by the supervisors, within the time specified, they should be "deemed to have decided against the application," and uses the following language: "But no such language is found in section 118, and this shows that the legislature did not intend to make the filing of the order and award within ten days essential to the validity of the proceedings."

In this case, the failure of the assignee to affix his certificate to the inventory and list being the only objection made to the validity of the assignment, it follows that the assignment should have been allowed as sufficient evidence of the plaintiff's title to the property, and the plaintiff ought to have recovered in the action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.