HABEN, Assignee, etc., vs. HARSHAW, Sheriff, etc.

*January 11 — January 29, 1884.*

*Voluntary assignment by one doing business under firm name: Preferences: Inventory.*

1. B., doing business as a merchant under the name of B. & Co., made an assignment for the benefit of her creditors, under ch. 80, R. S., conveying to the assignee, first, all the property owned by her as the firm of B. & Co., and directing that certain creditors should have priority in payment from the proceeds thereof, and second,

all the property owned by her aside from that belonging to the firm, directing that the same creditors should be preferred in payment from the proceeds of such property. It did not appear whether the debts preferred were contracted in the firm name or in the name of B. individually. *Held*, that the assignment was, upon its face, valid and sufficient to pass to the assignee all the assets of B., however owned or held by her.

2. The inventory filed in such case comprised, apparently, a merchant's stock of goods only. The affidavit annexed thereto stated that it was "true and correct of all the assets of the firm of B. & Co., of which B. is the sole member." *Held*, that, presumptively and in the absence of evidence to show a *mistake* in the affidavit, the inventory was not "a correct inventory" of all the assets of B., within the meaning of sec. 1697, R. S.; and, by the failure to file such a correct inventory within ten days after the execution of the assignment, the title of the assignee was divested.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

"This action is in fact a contest between some of the creditors of one Jane E. Bigger, and her assignee, *Andrew Haben.* The facts are substantially as follows: On the 23d day of February, 1882, Jane E. Bigger made an assignment of all her property not exempt from execution, to *Andrew Haben*, for the benefit of her creditors, giving preferences. The assignment was made under the provisions of ch. 80, R. S. 1878. The assignee gave the bond required by sec. 1694, R. S. On the same day the bond of the assignee, together with a copy of the assignment, with the consent of the assignee indorsed thereon, of his acceptance of the trust and his certificate that such copy was a true and correct copy of the original, also indorsed thereon, together with the certificate of the officer required by sec. 1696, were filed in the office of the clerk of the circuit court of the county of Winnebago. On the 3d of March, 1882, the sheriff seized the property of said Jane E. Bigger upon an attachment issued in an action by some of her creditors, and on the 6th day of March, 1882, the assignee, *Haben*, commenced this action

against the sheriff, alleging that he was the lawful owner of said property under said assignment, and charging that the taking of the same by the said sheriff was a wrongful and tortious taking, and claiming as damages the value of the property taken. The defendant justified the taking by virtue of the attachments against Jane E. Bigger, and denied the title of the assignee, *Haben.*

" On the trial in the circuit court the plaintiff, in order to establish his title to the property, introduced in evidence the assignment, the affidavits of value of the assigned property, the assignee's bond, the inventory of the assignor, list of creditors, and the affidavits attached thereto. The defendant introduced the records of the proceedings in the attachment actions against Jane E. Bigger. After the evidence was closed the circuit judge directed a judgment in favor of the defendant, *Harshaw,* and from that judgment the plaintiff assignee appeals to this court."

Other facts are stated in the opinion. The deed of assignment after conveying to the assignee the property owned by the party of the first part, as the firm of " Bigger & Co.," provides that certain specified debts shall be preferred and first paid in full. Such debts are described as " an indebtedness of the first part," " notes signed by the first part," and sums for which " the first part is indebted," without any indication as to whether they were contracted in the firm name or by Jane E. Bigger in her individual capacity. It is then provided that out of the residue of such property " the creditors of the said first part, as such firm," shall be paid without priority or preference, and that then, if there shall shall still be a residue, " the private and individual debts of the first part " shall be paid. The deed of assignment then, in the clauses quoted in the opinion, conveys to the assignee the property owned by the party of the first part other than that belonging to the firm of Bigger & Co., and again provides that the same debts before specified (described in the

same manner) shall first be paid in full out of the proceeds
of such property; that the residue of such proceeds shall
then be applied to the payment of the private and individual
debts, and if any residue then remains it shall be applied to
the payment of the firm debts.

For the appellant there was a brief signed by *Eaton &
Gruenewald* and *Finch & Barber*, and a reply signed by
*Eaton & Gruenewald*, and the cause was argued orally by
*Mr. Eaton.*

For the respondent there was a brief signed by *Pike &
Van Keuren*, and the cause was argued orally by *Mr. Pike.*

TAYLOR, J.   The regularity of the proceedings on the at-
tachment was not impeached upon the trial, nor in this court;
and it is not claimed by the appellant that there was any
error committed by the learned circuit judge in directing a
judgment for the defendant if it shall be held by this court
that the assignment to *Haben* was void for any reason,—
except that they claim that if the assignment was void only
because a proper inventory was not filed within ten days
after the delivery of the assignment, as required by sec. 1697,
R. S., then the attachment proceedings were premature, and
for that reason the plaintiff was entitled to a verdict.

The learned counsel for the respondent takes several ex-
ceptions in this court to the validity of the assignment itself
for matters appearing upon the face thereof.   The assign-
ment is peculiar, but we are unable to say that there is any-
thing appearing on its face which should render it void.
The facts in regard to the assignor appear to be these: She
was doing business as a merchant in the city of Oshkosh
under the name of "Bigger & Co.," but the words "Bigger
& Co." meant Jane E. Bigger.   She had no partner, but used
a name indicating a partnership for purposes known to her-
self only.   In the assignment she kept up this partnership
style, and first makes an assignment of all her property held

by her as the firm of "Bigger & Co.," of which she claims to be the sole member, and directs how that property shall be distributed among her creditors. She then makes a further assignment, in the following words:

"*Fifth.* And whereas the said first part is justly indebted to sundry persons in .divers and sundry sums of money, and is unable to pay the same with punctuality in full, in order to have the first part's assets, property, and effects, *aside from said firm property of Bigger & Co.* aforesaid, applied in and towards the payment of said debts, has concluded to execute these presents.

"*Sixth.* The said first, in consideration of the premises, and of the sum of one dollar to the first part paid by the said second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold, assigned, delivered over, and conveyed, and by these presents does grant, bargain, sell, assign, deliver over, and convey unto the said second part, and the second part's successors or assigns, all and singular, the interests, estate, property, and effects, real, personal, and mixed, of every kind, nature, and description, and wheresoever the same may be situated, of the said first part, which is held and owned by the said first part, aside and other than belonging, applicable to the firm of Bigger & Co., except such property as, by law, is exempt from execution, or otherwise, for the payment of debts; to have and to hold the same and every part and parcel thereof, with the appurtenances, to the said second part, and the second part's successors and assigns in trust, nevertheless, to and for the following uses and purposes.

"*Seventh.* The said second part shall forthwith take possession of all and singular the estate, property, interests, and effects, hereby lastly above assigned, transferred, and conveyed, and set over, or intended so to be, and shall with all reasonable diligence sell and dispose of the same, and convert the same into money, and with all reasonable diligence

shall collect any and all such debts, bills, promissory notes, bonds, accounts, choses in action, claims, demands, and money, or so much thereof as may prove collectible."

By these extracts from the assignment it is apparent that the assignor claimed to have assets other than those which she described as belonging to the firm of "Bigger & Co.," and that she intended to make an assignment of such other assets to the assignee for the benefit of her creditors as well as those she owned as "Bigger & Co." Her idea undoubtedly was that the property she owned as a merchant doing business as "Bigger & Co." was a class of property different from that which she had acquired and owned as Jane E. Bigger; and possibly the attorney who drew the assignment might have supposed there was an essential difference in the two kinds of property so held by her which it would be right and proper to preserve in making the assignment, although it was all in fact owned by Jane E. Bigger. Whether there was any valid reason for making the distinction which was made by the assignment it is quite unnecessary to decide, as the assignment, as made in the form made, was clearly sufficient to pass to the assignee all her assets, however owned or held by her, and it cannot be said, therefore, that it appears on the face of the assignment that any of the assets of the assignor were intended to be or were in fact reserved to her. All the property owned by Jane E. Bigger, except such as was exempt by law, clearly passed by the assignment to the assignee. We see nothing in the preferences given in the assignment which could render it void. Jane E. Bigger being the same person in fact as "Bigger & Co.," all her debts were the individual debts of Jane E. Bigger, and whether the claims which she preferred are such as were contracted in the name of Jane E. Bigger, or "Bigger & Co.," cannot change that fact, nor can the fact that she designated in her assignment a part of her assets as belonging to "Bigger & Co.," and a part to Jane E. Bigger, change

the fact that all were the assets of Jane E. Bigger. The question is not in the case, therefore, whether, if a member of a real partnership makes an assignment of his interest in the partnership assets, and also of his individual assets, he can prefer an individual creditor to be paid out of the partnership assets, or a partnership creditor to be paid out of the individual assets.

We see no reason for holding the assignment void for anything appearing on its face. It is not contended that it was void for any other reasons appearing in the proceedings, except it is claimed there was no sufficient list of creditors or inventory of assets made and filed within ten days after the assignment, as required by sec. 1697, R. S. This section reads as follows: "Within ten days after the execution of the assignment, the assignor shall also make and file in the office of said clerk a correct inventory of his assets and a list of his creditors, stating the place of residence of each such creditor and the amount due to each, which inventory and list shall each be verified by his oath, and have affixed the certificate of the assignee that the same is correct according to his best knowledge and belief; and a failure to make and file such inventory and list shall render such assignment void, but no mistake therein shall invalidate such assignment or affect the right of any creditor."

The construction which should be given to this section has been considered by the court in two cases: *Farwell v. Gundry*, 52 Wis., 268; and *Steinlein v. Halstead*, 52 Wis., 289. In the first case it was held that the omission to include in the inventory filed a piece of real estate owned by the assignor, which at the time of making the inventory the assignor supposed was a part of his homestead, and therefore exempt from execution, although a mistake of law was a mistake within the meaning of the section; and, the proofs showing that the assignor acted in good faith in withholding the same from the inventory, the omission did not avoid the

assignment. In the second case this court held that the neglect of the assignee' to affix his certificate that the inventory and list of creditors were correct, as required by said section, within said ten days, did not render the assignment void. This latter case held that the direction to the assignee to affix his certificate within the ten days was directory, and his failure to affix it within that time did not render the assignment void. These two cases go very far towards establishing the doctrine that if the assignor has in fact filed a correct inventory of his property and list of his creditors within the ten days, the assignment may be upheld, notwithstanding the verification and certificate of the assignor may be imperfect or wanting. Both cases, however, hold that the statute is imperative that ·a correct inventory of the assets and list of creditors must be made and filed within the ten days, otherwise the title of the assignee, under the assignment, will be divested, unless ît appear that the want of correctness in the inventory or list arose through a mistake of fact or law made by the assignor.

The inventory filed in the case at bar was filed within the ten days as required by law. It was headed as follows: "Inventory of the goods in the matter of the voluntary assignment of Jane E. Bigger, for benefit of her creditors;" and had attached to it when it was filed the affidavit of Jane E. Bigger, as follows, viz.:

"*State of Wisconsin, Winnebago County — ss.:* Jane E. Bigger being duly sworn, on her oath deposes and says that the annexed inventory is true and correct of all the assets of the firm of Bigger & Co. of which Jane E. Bigger is the sole member of the firm of Bigger & Co., to the best of her knowledge and belief.                JANE E. BIGGER.

"Subscribed and sworn to before me this 4th day of March, A. D. 1882.

"WM. F. GRUENEWALD, Notary Public, Wis."

On examining the inventory itself we find that it is such

an inventory as we would expect to find if made of a merchant's stock of goods, including a few store fixtures, and nothing else.

It is urged with great force on the part of the learned counsel for the respondent that this inventory, as explained and verified by the oath of the assignor, shows that it is simply an inventory of that part of the assignor's property which she designates in her assignment as the property belonging to her as the sole member of the firm of Bigger & Co., and which in her assignment she first assigns to her assignee, *Haben*, and that there is no inventory in fact of that part of her property which is covered by the second part of the assignment, and which she designates as "assets, property, and effects aside from said property of Bigger & Co., aforesaid." We are unable to see any way of escaping the force of this argument. It is no answer to say that Bigger & Co. is the same as Jane E. Bigger, and that when she states that the inventory contains all the assets of Bigger & Co., she states they are all the assets of Jane E. Bigger. Her assignment raises a presumption, at least, that she has assets other than those which she designates as those of Bigger & Co. When, therefore, she affirms that the inventory contains all the assets of Bigger & Co. she clearly negatives the idea that it contains any assets belonging to her as Jane E. Bigger, within the meaning of the assignment. It seems to us impossible to construe this inventory and affidavit in connection with the assignment and come to any other conclusion than that the inventory is not a correct inventory of the assets of Jane E. Bigger, the assignor. Had the affidavit stated that the inventory was a correct inventory of all the assets of Jane E. Bigger, there would have been great force in the argument that it must be presumed to contain all her assets, including both classes designated in the assignment, for the reason that both classes of assets belong to Jane E. Bigger in fact; but when she declares that

the inventory filed is an inventory of the assets of Bigger & Co., it cannot fairly be construed to cover all the assets of Jane E. Bigger. It seems to us perfectly clear that, if she were indicted for perjury in making the affidavit to said inventory, alleging as the ground of perjury that the affidavit was false, because the inventory did not, in fact, contain all the assets of Jane E. Bigger, she could not be convicted, although it were shown that she had $10,000 of assets not included in that class of assets which in her assignment she designates as belonging to her as Bigger & Co. The assignment makes it clear that the property she held and owned as a merchant, doing business in the city of Oshkosh under the name of Bigger & Co., she considered as distinct from property which she held and owned in other business, and which was derived from other sources; and it is equally clear that she has only included in her inventory the property she owned as a merchant doing business as Bigger & Co.

It is urged by the appellant that we should presume the inventory contained a correct statement of all the assets until the contrary appears. We think that is the true rule; but in this case, as we understand the assignment and the verified inventory, it does appear, *prima facie* at least, that it does not contain all the assets.

Again, it is said that we ought to sustain the proceedings on the ground that the verification is a mistake on the part of the assignor. We should be inclined to hold that if it appeared affirmatively that the inventory was in fact a correct inventory of all the assets of the assignor, the assignment would not be rendered void by a mistake in the affidavit. We do not, however, decide that point. It is a sufficient answer to that argument that there was no evidence offered on the trial tending to show that the inventory was in fact a correct inventory of all her assets.

We can come to no other conclusion than that the title of

the assignee was divested by a failure on the part of the assignor to make and file a correct inventory of her assets within the ten days after the execution of the assignment as required by said sec. 1697, R. S., and that by reason thereof the assignee, *Haben*, failed to show any title to the property taken by the sheriff, or right to recover for the value thereof at the time of the commencement of his action. The record shows that this action was commenced more than ten days after the assignment was executed, viz., on the 6th of March, 1882.

The cases cited by the learned counsel for the appellant from Minnesota — *Kingman v. Barton*, 24 Minn., 295; *Swart v. Thomas*, 26 Minn., 141 — have but little bearing upon the construction of our statute, as by an examination of the statutes of that state it will be seen that, although there is a provision requiring the assignee to make and file an inventory, etc., within ten days after the assignment, there is no declaration in the statutes of that state that the failure to do so shall render the assignment void. See Gen. St. Minn. 1878, ch. 41, sec. 24. A conclusion directly contrary to the decisions in Minnesota was arrived at by the court of appeals of the state of New York upon a statute in all respects like the statute of Minnesota. *Juliand v. Rathbone*, 39 N. Y., 369; *Brennan v. Willson*, 71 N. Y., 502. See ch. 348, Laws of N. Y. 1860. Under our statute there is no room for construction, as it expressly declares the failure to make and file a correct inventory shall render the assignment void.

It appearing affirmatively from the evidence introduced on the trial in this action that the assignor failed to make and file a correct inventory of her assets within ten days after the execution of the assignment, and there being no evidence that such failure happened through or by the mistake of the assignor, the assignment became void, and the title of the assignee was divested before the commencement

of this action.    The judgment of the circuit court was therefore correct.

*By the Court.*— The judgment of the circuit court is affirmed.