Mather, Assignee, etc., vs. McMillan.

*April 16 — May 15, 1884.*

*Voluntary assignment: Failure to file inventory: Mistake.*

A failure to make and file a correct inventory and list of creditors within ten days after the execution of a voluntary assignment renders such assignment void as to attaching creditors. A mistake in the time of filing is not within the meaning of sec. 1697, R. S., providing that no mistake in the inventory and list shall invalidate the assignment.

Mather, Assignee, etc., vs. McMillan.

APPEAL from the Circuit Court for *Monroe* County.

Replevin.   The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *George Graham* and *Morrow & Masters*, and for the respondent on that of *Tyler & Dickinson*.   Counsel for the respondent cited: *Farwell v. Gundry*, 52 Wis., 268; *Steinlein v. Halstead*, id., 289; *Wadleigh v. Merkle*, 57 id., 517; *Haben v. Harshaw*, 59 id., 403.

ORTON, J.   The complaint alleges that the firm of T. P. Wither & Co., on the 15th day of September, 1883, made an assignment of their property, both real and personal, to the plaintiff, for the benefit of their creditors, and all the conditions required by the statute were complied with to make the assignment valid on that day.   On the 25th day of the same month, the assignors completed and made a correct inventory of their assets and list of their creditors, as required by law, and on the same day such inventory and list were duly verified by their affidavit, and certified to be correct by the said plaintiff, as such assignee.   The complaint further alleges that the "plaintiff and said assignors, by a mistake in computing time, verily believed the 26th day of September, 1883, to be the tenth day after the execution of such assignment; and on the 26th day of September, 1883, mistakenly believing the same to be the tenth day after the execution of such assignment, filed in the office of the clerk of the circuit court the aforesaid inventory of assets and list of creditors, such day being the *eleventh* day after the execution of such assignment," and that due notice was given to the creditors, etc.; and then the complaint alleges that the defendant, as sheriff of Monroe county, under and by virtue of certain warrants of attachment, seized and levied upon certain personal property of the said assignors, which passed to the plaintiff by said assignment, and detains the same.

To this complaint the defendant filed a general demurrer, which was sustained by the court, and the plaintiff appeals from the order sustaining the same.

The only question raised by the demurrer, and argued by the learned counsel in this court, is, Did the failure to file the inventory and list of creditors within ten days after the execution of the assignment render void the assignment as to creditors? Whether such failure rendered the assignment void as to the parties to it, is not the question in this case, for the complaint placed the defendant in the position of representing creditors. The only question in relation to the assignment in which the defendant is at all interested, is whether the title of the property has passed, by virtue of the assignment, beyond the reach of the attachments. The assignment may be valid as between the parties, and as to all the creditors of the assignor who may not seek to avoid it for the reason that the inventory and list were not filed in time. These attaching creditors, represented by the sheriff, in the seizure of the property so. assigned to satisfy their demands as still being the property of the assignor, disaffirm and repudiate the assignment on the ground that the assignment is void as to them and all other creditors who contest it. It is only in respect to this attitude of the case, in which the complaint has placed it, that the statute must be examined and construed. The language to be construed is in sec. 1697, R. S.: "and a failure to make and file such inventory and list shall render such assignment void." The inventory and list, in this case, were not filed within ten days after the execution of the assignment, but were filed on the eleventh day.

The learned counsel of the respondent insists that this question has been decided in three late cases in this court, viz.: *Farwell v. Gundry*, 52 Wis., 268; *Steinlein v. Halstead*, 52 Wis., 289; *Haben v. Harshaw*, 59 Wis., 403.

All that was said by Mr. Justice Lyon in the first case,

Mather, Assignee, etc., vs. McMillan.

touching this question, is: "Section 1697 creates conditions subsequent, which did not exist before the section was enacted, to wit, the filing of the inventory and list within a specified time. A failure to file either of these *may defeat the title of the assignee.* The fact that a breach of either of these conditions *may work a forfeiture* of title, *and thus defeat the trusts* created by the assignment, calls for a reasonably liberal construction of the saving clause in the statute, in favor of the validity of the assignment." That saving clause referred to is that "no mistake therein [in the inventory or list] shall invalidate such assignment or affect the right of any creditor." It was because the failure to file such inventory and list "within the specified time," or ten days of the execution of the assignment, would defeat the title of the assignee, or cause a forfeiture of such title, that this court, in that case, felt called upon to put such a liberal construction upon the above saving clause as to embrace *a mistake of law* of the assignor, in supposing his exemption embraced *forty* acres instead of one fourth of an acre of land, and in omitting the forty acres less the one fourth of an acre from the inventory. Such a strict construction of the *forfeiture* clause is made the *reason* for such a liberal construction of the *saving* clause. Why is not this an authoritative and legitimate construction of this forfeiture clause? It was within the reason and necessity of such a construction of the saving clause, and therefore not *obiter.* It was the only reason for the liberal construction of the saving clause, and therefore necessary to such a construction and such a decision. If such reason fail, the decision in respect to the saving clause will fail also. But, aside from the force of *stare decisis* by reason of that case, we see no good reason for changing such a construction of that forfeiture clause.

What was said in the second of the above cases, pertinent to this question, was: "In respect to these requirements

[the making and filing a correct inventory and list, and having affixed thereto the certificate of the assignee that the same is correct, etc.], the essential thing to be done, or 'the substance of the thing provided for,' is the making and filing of a correct inventory of assets and list of creditors within ten days after the execution of the assignment. The creditors are concerned and interested in this alone, and it is essential that both the inventory and list should be as perfect and correct as possible, *and be filed within the time*, for the information of all concerned." In that case the inventory and list were duly filed within the ten days, but without the certificate of the assignee, and the point was that, the certificate being a necessary part of such inventory and list, and essential to them, the inventory and list could not be said to have been filed within ten days; *i. e.*, that without such certificate they were not the inventory and list, or perfected as required by the statute, and could not, therefore, have been filed as such within the ten days. It was held that the certificate and verification were not constituent parts of the inventory and list, but extraneous and distinct from them, and the mere certificate or verification of them, and therefore not embraced in the language, "a failure to make and file *such* inventory and list shall render such assignment void." In other words, and more briefly, that the certificate and verification were not filed within ten days, and therefore the assignment was void, because they were necessary to make the inventory and list which were so filed. It would seem that this very question was involved in that case, and necessary to its decision. If the inventory and list could as well be filed after the ten days, then it was immaterial whether the certificate was attached to them or not, for they could all of them have been made and filed at any time after the ten days; and they need not have been separated in the construction of the clause of forfeiture, and the requirement of filing the inventory and list decided to

be *mandatory* and imperative, and that of the certificate *directory* only. We think it clear that this question was directly involved in that case, and that the decision of it therein is authoritative until overruled by this court, as well as in the previous case.

In the third case above mentioned, of *Haben v. Harshaw*, 59 Wis., 403, there appeared to have been two assignments in one instrument: one, of the assignor's property held under a partnership name; and one, of her property held in her individual name; and there was no inventory made or filed of her individual property under the second assignment. After quoting section 1697, R. S., above referred to, the opinion of Mr. Justice TAYLOR says: "The construction which should be given to this section has been considered by this court in two cases [referring to the above two cases]. . . . Both cases, however, hold that the statute is imperative; that a correct inventory of the assets and list of creditors must be made and filed within the ten days, otherwise the title of the assignee, under the assignment, will be divested, unless it appear that the want of correctness in the inventory or list arose through a mistake of fact or law made by the assignor." It is further stated in the opinion: "We can come to no other conclusion than that the title of the assignee was divested by a failure on the part of the assignor to make and file a correct inventory of her assets within ten days after the execution of the assignment, as required by sec. 1697, R. S., and that, by reason thereof, Haben failed to show any title to the property taken by the sheriff," etc. And, further: "The record shows that this action was commenced more than ten days after the execution of the assignment." The effect of this last conclusion is that, at any time after such ten days, if no such inventory has been filed within such ten days, the property would be liable to attachment. In this case it became necessary again to construe this section, and it was construed the same as in the

two former cases, and the decisions in the other two cases were approved so far as they related to such construction.

I have been careful, even at the expense of some prolixity, and, perhaps, unnecessary quotations of some length from these cases, in examining the cases to ascertain whether this question, the only one involved in this case, has not been already decided by this court at least *three* times. After it has been so ascertained, it is not only unnecessary, but improper, for this court to re-examine it as an original question. There ought to come a time when the decisions of this court should be treated as final.

In *Haben v. Harshaw*, *supra*, it is already sufficiently decided that the mistake spoken of in this section must be of something in the inventory or list; which disposes of the other question raised by the learned counsel of the appellant, whether it might not embrace a mistake *in the time of filing*. It is also claimed by the learned counsel of the appellant that the filing of the inventory and list ought to be treated as *notice* only to the creditors, and if filed before the attachment is served, such attaching creditors had sufficient notice thereof, and are bound by the assignment. This would be making an entirely new provision of the statute, for none such now exists.

From this time, at least, it is to be hoped that it may be accepted as the deliberate judgment and decision of this court that this section means just as it reads *literally*, by the ordinary rule of construction that all the words used shall have a meaning if possible. If the inventory and list may be filed at any time, then the words " within ten days " in the requirement mean nothing, and have no effect. To satisfy a demand of hypercriticism that the words of the prohibition in a statute should all be repeated in the penal or forfeiture clause, or they will not be deemed to be embraced in it, this section might be made to read as it evidently means: "And a failure to *so* make and file, or to

make and file within ten days, such inventory and list, shall render such assignment void."

It follows that the complaint shows that if the plaintiff had any title to the property by virtue of the assignment, it was forfeited, and the assignment became void as to the defendant, by the failure of the assignor to make and file an inventory of his assets and list of his creditors within ten days after the execution of the assignment.   The complaint therefore states no cause of action, and the demurrer was properly sustained.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.