Perkins, Adm'x, vs. Shadbolt and others.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.

RYAN, C. J., took no part.

Perkins, Adm'x, vs. Shadbolt and others.

ESTATES OF DECEDENTS: PROBATE COURT: APPEAL TO CIRCUIT COURT. *(1) When appeal from order of county court taken in time. (2) Personal service on parties of notice of appeal: Waiver. (3) When county court may order final settlement of estate. (4) What facts, not appearing from order appealed from, may be proven on appeal. (5) Disqualification of circuit judge to hear appeal.*

1. From an order of the county court requiring an administratrix to proceed forthwith to a final settlement of the estate, and to pay the debts allowed against it, the administratrix attempted to appeal to the circuit court by filing in said court, "within sixty days," a notice of such appeal, and a bond running to "the creditors of said estate," in a certain penal sum; but the court did not fix the penalty at that sum and approve the bond, until a day or two *after* the sixty days had expired. *Held,* that there was a sufficient compliance with secs. 24, 25, ch. 117, R. S. 1858.

2. Where the county court ordered that notice of such appeal, with the reasons therefor, be personally served upon the adverse parties, mere service upon the *attorney* of the creditors would not give the circuit court jurisdiction of them; but, the creditors having appeared by attorney in the circuit court and moved to affirm the order appealed from, this was a *waiver* of service.

3. The order of the county court does not show on its face that it was improperly made, merely because it shows that more than half the assets in the administrator's hands consisted of *uncollected* accounts; there being nothing in ch. 73 of 1873 which prohibits the making of such an order under such circumstances.

4. Though it does not appear from the order of the county court that the time finally fixed for presenting claims, disposing of the estate and paying debts, has expired, and that there are sufficient assets in the administrator's hands, properly applicable thereto, to pay the debts, yet, upon *proof* of those facts to the circuit court, on appeal thereto, the order should be affirmed.

5. The fact that the commissioners to hear claims against the estate allowed an account in favor of the judge of the circuit court in which the appeal was pending, *held* not to disqualify the judge thereof from hearing the appeal, where he certified that he was *not* a creditor of the estate and claimed no interest in it.

APPEAL from the Circuit Court for *Portage* County.

The proper county court made an order bearing date December 29, 1876, requiring the administratrix of the estate of Martin Perkins to proceed forthwith to a final settlement of said estate, and to pay the debts proved and allowed against it. It is recited in the order that the assets in her hands as administratrix, less all proper deductions, amount to $27,786.05, of which $16,461.35 are uncollected book accounts; leaving in her hands assets to the amount of $11,324.70. The nature of such assets does not clearly appear from the order.

On the 27th of February, 1877, the administratrix filed in the county court a notice of appeal from such order to the circuit court, together with a bond to "the creditors of said estate of Martin Perkins, deceased," in the penal sum of $200, conditioned and executed as required by the statute in such cases. Two days later, the county judge fixed the penalty thereof at $200, and approved the bond.

The notice of appeal contained the following reasons for appeal: "1. Said court refused to allow all the proper and just accounts of said administratrix; 2. Said court had no jurisdiction to order a final settlement of said accounts; 3. Said court had no jurisdiction to order said administratrix to pay the debts allowed against said estate; and 4. Said order is otherwise unjust to said administratrix." On the 5th of March, 1877, the county court directed the notice of appeal, with the reasons for the appeal, to be personally served on the adverse parties. Such service was afterwards made upon the attorney of the appellants in this court, but it does not appear whether it was also made upon such appellants personally.

The return of the county court to the appeal consists of the

order appealed from, the minutes of the court on the examination and hearing of the account of the administratrix, and the appeal papers.

In the circuit court, the present appellants appeared generally by counsel, and moved the court to affirm the order appealed from. The court denied the motion. The respondent, the administratrix, afterwards moved the court to reverse said order; and the court granted the motion, and rendered judgment reversing the same, with costs. The motion papers on the motion to affirm the order tend to show that the present appellants are creditors of said estate, and that their demands have been duly allowed against it.

This is an appeal by the parties appearing as creditors in the circuit court, from the judgment reversing the order of the county court of December 29, 1876.[1]

[1] Secs. 24–26, ch. 101, R. S. 1858, are as follows:

" Section 24. The party appealing shall procure and file in the circuit court to which the appeal is taken, at or before the next term of such court after the appeal is allowed, a certified copy of the record of the allowance or disallowance appealed from, of the application for the appeal, and the allowance of the same, together with the proper evidence that notice has been given to the adverse party according to the order of the county court.

"Section 25. When such certified copy shall have been filed in the circuit court, such court shall proceed to the trial and determination of the same according to the rules of law, allowing a trial by jury of all questions of fact in cases where such trial may be proper; and such court may direct an issue to be made up between the parties in a brief form, when it shall be deemed necessary, and questions of law may be carried to the supreme court, and costs may be allowed or denied in the discretion of the court.

" Section 26. The final decision and judgment in cases so appealed shall be had thereon as if such decision had been reported by the commissioners."

Secs. 3 and 4, ch. 73, Laws of 1873, are as follows:

" Section 3. Two months after the time allowed to creditors to present their claims, every executor or administrator shall render his account of his administration; and the county court shall thereupon, by order, direct and command the said executor or administrator to proceed forthwith to a final settlement of the estate in the manner prescribed by law, unless it shall appear upon proof duly made: (1) That the personal assets in the hands of the executor or administrator are not sufficient to pay the debts of the deceased,

*H. W. Lee*, for the appellant, contended, 1. That the appeal to the circuit court was ineffectual. (1) No bond with penalty fixed and sureties approved by the county judge was filed within sixty days from the date of the order. If the default was in the county judge, it might have been corrected on application therefor to the circuit court, under sec. 29, ch. 117, R. S. 1858. *State ex rel. Tallmadge v. Flint*, 19 Wis., 621. (2) The parties adverse to the orders complained of were either the creditors *and heirs* of the estate, or merely such creditors as appeared on the examination of the administratrix's account. The bond given in general terms to the creditors is not within the rule in *Nelson v. Clongland*, 15 Wis., 392 (see also *Boles v. Page*, 20 Wis., 309), and the circuit court acquired no jurisdiction. 2. That if the appeal was effectual for any purpose, still the order of the county court should have been affirmed. (1) Notice of the appeal was not duly served. (2) The reasons given for the appeal were insufficient. Independently of ch. 73, Laws of 1873, the county judge had power to cite the administratrix to an account. *In re Campbell*, 12 Wis., 369. The act of 1873 was passed for the benefit of creditors and legatees, and should be liberally construed for the purpose intended. The mere fact that debts due the defendant have not been collected, does not deprive the county court of jurisdiction to order a final settlement of the estate or pay-

and that it is necessary to sell the real estate to pay such debts; or (2) That an appeal has been taken from an allowance of the commissioners or county judge, and is pending and undetermined; or (3) That a contingent claim has been presented, exhibited and allowed; or (4) That the debts due to the estate have not been collected; or (5) That it would be advantageous to the estate to allow the executor or administrator further time to make a final settlement.

" Section 4. If an order shall be made directing and commanding the executor or administrator to proceed forthwith to a final settlement, the county court shall, at the same time, make an order or judgment, if any claims have been proven, for the payment of the debts according to law. If any executor or administrator shall neglect, delay or refuse to comply with the order directing and commanding him to proceed forthwith to a final settlement, the county court shall attach him as for a contempt."

ment of its debts. Debts due the estate may be distributed to the heirs. *Williams v. Ely*, 13 Wis., 1; *Hitchcock v. Merrett*, 15 id., 522.

The cause was submitted for the respondent on the brief of *Raymond & Haseltine*. They argued, among other things, 1. That the notice of appeal and the bond were sufficient to remove the case to the circuit court. *Nelson v. Clongland*, 15 Wis., 392. 2. That the notice of appeal was properly served on the attorney. Tay. Stats., 1657, § 44. 3. That, as the order of the county court shows that book accounts amounting to over $16,000 were in the hands of the administratrix uncollected, the court had no authority to make such order. Laws of 1873, ch. 73, secs. 3 and 4.

LYON, J. I. The first question for consideration is, whether any valid appeal was taken to the circuit court from the order of the county court of December 29, 1876.

The appeal was attempted to be taken under the provisions of sections 24, 25 and 26, ch. 117, R. S. 1858. We think there was a substantial compliance with the provisions of sections 24 and 25. The reasons for the appeal seem to have been sufficiently stated in the notice of the appeal; and we think the bond, which is executed in terms " to the creditors of the estate of Martin Perkins, deceased," is sufficient. True, the penalty of the bond was not fixed, nor was the bond formally approved by the county judge, until after the expiration of the sixty days of the statute; but we are of the opinion that those circumstances do not invalidate the appeal.

When those provisions were complied with, the appeal was perfected so as to give the circuit court jurisdiction of the subject matter — that is, of the order appealed from. Such an appeal is unlike an appeal to this court, wherein due service of notice of appeal is a part of the appeal process, and therefore jurisdictional. Tay. Stats., 1632, § 3; *Yates v. Shepardson*, 37 Wis., 315. The same process gives this court jurisdic-

tion both of the subject matter and the person. But in appeals from the probate court, another and an independent proceeding is necessary to give the circuit court jurisdiction of the person of the adverse party. That proceeding is prescribed in section 26.

In this case the creditors of the estate are adverse parties to the appeal. Perhaps the heirs are also. The record fails to show whether the notice of appeal was personally served on any of those parties. Indeed it does not show who are such creditors or heirs. The record only shows that such notice was served on the attorney of the appellants in this court, or of some of them. The order of the county court in that behalf required personal service of the notice of appeal on the adverse parties. Service on their attorney alone is not a compliance with that order, and would not give the court jurisdiction of them. But this court has often held that a full appearance is a waiver of all defects in the service of process, and gives the court jurisdiction of the party making such appearance. All of the appellants here appeared generally in the circuit court, and submitted a motion that the order of the county court of December 29th be affirmed. On the principles above stated, that was an appearance which operated as a waiver of defects in the service of the notice of appeal.

We conclude that, by virtue of the appeal and subsequent proceedings, the circuit court obtained jurisdiction of the subject matter of the order appealed from, and of the present appellants, and as to such appellants may lawfully hear, try and determine such appeal on the merits.

II. No trial of the merits was had in the circuit court, but that court reversed the order appealed from, on motion. The learned circuit judge must have held that the order shows on its face that it was improperly made. It was stated in the argument in this court, that the order was reversed because it appears by a recital in it that a large amount of debts due the estate was uncollected when it was made; the circuit judge

being of the opinion that ch. 73, Laws of 1873, prohibits the making of the order until such debts are all collected. No other ground for the reversal of the order has been suggested.

It seems to us that the order does not necessarily contravene any of the provisions of ch. 73 of 1873. Upon granting letters testamentary or of administration, the statute (R. S. 1858, ch. 101, sec. 32) requires the county court to make an order allowing the executor or administrator time, not exceeding in the first instance eighteen months, for disposing of the estate and paying debts and legacies; which time may afterwards be extended by the court pursuant to sections 33 and 34. Upon the appointment of commissioners to adjust claims against the estate of a deceased person, the county court is also required to fix a time within which such claims must be presented. The time so fixed may also be extended a limited time in a proper case. R. S. 1858, ch. 101, secs. 5 and 7, amended by ch. 73, Laws of 1873, secs. 1 and 2. Section 37 of ch. 101 provides, that "if, after the report of the commissioners, and ascertaining the claims against any estate, it shall appear that the executor or administrator has in his possession sufficient to pay all the debts, he shall pay the same in full within the time limited or appointed for that purpose." Section 40 gives the court power to order distribution of the assets of the estate among creditors, as the circumstances of the estate shall require, at or before the expiration of the time limited for the payment of debts. Section 9 of ch. 102 gives the court plenary power to compel the executor or administrator to render accounts, both interlocutory and final.

None of these provisions of the revised statutes are repealed, and none of the powers therein conferred are abridged, by ch. 73 of 1873. Sections 3 and 4 of that act merely make it the duty of the county court, in a proper case, to require the executor or administrator to proceed to a final settlement of the estate, and to pay the debts chargeable against it, before the expiration of the time limited therefor by former orders;

but it does not interfere with the power of the court to do so after the time so limited has expired. The object of the statute is to hasten, not to retard, the settlement of estates of deceased persons.

If it shall be made to appear that the time finally fixed by the county court for presenting claims and for disposing of the estate and paying debts, has expired, and that there are sufficient assets in the hands of the administrator, properly applicable thereto, to pay the debts chargeable against the estate, no good reason is perceived why the order of December 29, 1876, should not be affirmed. These facts are neither established nor negatived by the record before us. The question of their existence is the issue to be determined in the circuit court on the trial of the appeal from the order of the county court; and upon the determination of that issue the order must stand or fall.

III. It is claimed on behalf of the appellants, that an account against the estate was allowed by the commissioners in favor of the judge of the circuit court in which the appeal was pending; and on the hearing of the motion in that court to reverse the order of the county court, the objection was made that such judge was disqualified to hear it. But the judge certified, in substance, that he was not a creditor of the estate and claimed no interest in it, and overruled the objection. We think he ruled correctly. The commissioners could not disqualify him by putting his name in the list of creditors, when he was not in fact a creditor and claimed no interest in the estate.

*By the Court.*—The judgment of the circuit court, reversing the order of the county court, is reversed, and the cause remanded for further proceedings according to law.

RYAN, C. J., took no part.