ESTATE OF FEHLAND: SPIEGELBURG'S APPEAL.

*April 24 — May 11, 1880.*

*Appeal Bond — "Adverse Party."*

Under the statute as it stood prior to the present revision (R. S. 1858, ch. 101, sec. 21, and ch. 117, sec. 25), where an administrator appealed from an order of the county court disallowing his *personal* claim against the estate (not a claim made by him as administrator), the estate being insolvent, his appeal bond might properly run merely to *such of the creditors as resisted the claim,* they being "the adverse party" within the meaning of the statute.

APPEAL from the Circuit Court for *Washington* County. *John Spiegelburg,* who is the administrator of the estate of Otto H. Fehland, presented to the county judge for allowance a personal claim against the estate. The claim was resisted by Ernst Dowe and the firm of Baumbach & Rosenthal, and was disallowed by the judge. The estate is insolvent. Its creditors consisted of more than twenty individuals and firms, but except those above named, none of them contested the allowance of *Spiegelburg's* claim.

*Spiegelburg* thereupon appealed to the circuit court from the order of disallowance, and, in attempted compliance with the statute (R. S. 1858, ch. 101, sec. 21; ch. 117, sec. 25), filed with the county judge his bond, with sureties, in the proper sum

and containing the proper conditions, in which bond the creditors who contested *Spiegelburg's* claim are alone named as obligees. The bond, both as to form and sureties, was duly approved by the judge.

The proper papers were filed in the circuit court, and, after an issue had been made up and the cause placed on the calendar for trial, the contestants moved the court to dismiss the appeal. The motion was granted on the ground that the appeal bond does not run to the proper parties, and hence that the court had no jurisdiction of the matter.

This is an appeal by *Spiegelburg* from the order of the circuit court dismissing his appeal from the county court.

*H. W. Sawyer*, for the appellant.

For the respondent there was a brief by *J. B. Hays* and *O'Meara & Miller*, and oral argument by *Mr. Hays*.

LYON, J. The statute requires that the appeal bond shall be executed to the adverse party (R. S. 1858, ch. 101, sec. 21; ch. 117, sec. 25); and the only question to be determined on this appeal is, whether the creditors of the estate who alone contested the appellant's claim, and to whom the bond was executed, constitute "the adverse party" within the meaning of the statute. To determine who is the adverse party, for the purposes of an appeal from an order of the county court in probate, regard must always be had to the nature of the order and the special circumstances of the case. Had not the claimant been the administrator of the estate, the administrator would be the adverse party in an appeal from the disallowance of the claim. Being such administrator, had his claim been allowed he would be the adverse party in an appeal by any person aggrieved thereby, and the appeal bond would run to him in his individual capacity.

In *Perkins v. Shadbolt*, 44 Wis., 574, on appeal by an administratrix from an order of the county court made at the instance of certain creditors of the estate, it was held that the

appeal bond properly ran in terms to the creditors of the estate. That ruling would probably sustain a like bond, had one been given, on this appeal; but the case does not hold that in all appeals taken by administrators, affecting their individual interests, the appeal bond must be in that form.

None of the cases in this court are decisive of the question under consideration, and a satisfactory solution of it is somewhat difficult. Our own cases, however, illustrate the above remark that each case must be decided upon its own peculiar facts. They are also authority for disregarding merely technical defects for the purpose of sustaining the appeal.

Looking at this controversy as one in which *Spiegelburg* on the one hand, and the obligees named in the bond on the other, are the only actors; and considering (what is undoubtedly true) that if judgment for costs goes against the former in this or the circuit court, such costs belong to the latter; and considering further that the bond cannot run to the administrator because the obligor is himself the administrator, and that the heirs of the intestate have no interest in the controversy, because the estate is hopelessly insolvent,—it seems to us it ought to be held that the contesting creditors are "the adverse party," within the meaning of the statute, and hence that the bond is sufficient.

The question which we have been required to determine will, doubtless, arise less frequently hereafter; for in the late revision an undertaking instead of a bond is to be given on such appeals. R. S., 983, sec. 4032. Moreover, the county judge is required to designate "the adverse party" upon whom notice of the appeal must be served. Section 4033.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.