SMITH and others vs. BOWEN, Garnishee, etc.

*September 30 — October 14, 1884.*

VOLUNTARY ASSIGNMENT. *(1) Uncertainty: Surplusage. (2) What schedules must show when firm assigns. (3) Mistakes in list of creditors. (4) Approval of bond when court commissioner a creditor: Court and jury.*

1. A voluntary assignment which upon its face was for the benefit of all creditors alike, required the assignee to pay the debts " to and in the order and manner following:" etc.,— the words quoted being those of the old form of assignment when preferences were al-

lowed. *Held*, that such words did not render the assignment uncertain, but might be rejected as surplusage.

2. The schedules filed with an assignment by a partnership need not show the state of the accounts between the firm and the individual partners or between such partners.

3. Omissions from the list of creditors, or a failure to state the true amount of a certain debt, if caused by an innocent mistake, do not invalidate an assignment. Sec. 1697, R. S.

4. Notwithstanding a finding of the jury that the court commissioner to whom the bond of an assignee was delivered was a creditor of the assignors, such commissioner having testified, in effect, that he was not a creditor, it is *held* that he was not disqualified to pass upon the sufficiency of the sureties on the bond.

APPEAL from the Circuit Court for *Ashland* County.

The plaintiffs were creditors of the firm of Angus & Henderson. That firm, being insolvent, made a voluntary assignment for the benefit of its creditors to the defendant, *Bowen*. Afterwards the plaintiffs brought an action against Angus & Henderson to recover their demand against that firm, and caused the assignee, *Bowen*, to be summoned as garnishee. *Bowen* answered, denying that he had any property in his possession or under his control belonging to the debtor firm, but admitted that he received property under the assignment of the value of $400, which he still holds. The plaintiffs took issue on the answer of the garnishee.

On the trial of the issue the evidence was directed to the following questions: (1) Was the court commissioner, before whom the assignor's bond was executed, a creditor of the firm of Angus & Henderson? (2) Were the names of any creditors of the firm of Angus & Henderson fraudulently omitted from the list of its creditors? (3) Was the statement in said list of the firm indebtedness to the plaintiffs (which was stated at less than the plaintiffs afterwards recovered) made in good faith?

A question was also made as to the validity of the assignment on its face. The court held the assignment valid on

its face, and also held, substantially, that the undisputed evidence proved that the name of no creditor of the firm was fraudulently omitted from the list.

The court submitted to the jury three questions, which, with the answers of the jury thereto, are as follows: "1. Was H. D. Weed a creditor of Angus & Henderson on the 21st day of November, 1883, at the time the bond of the assignee, *Bowen,* was delivered to the court commissioner, Weed? *A.* Yes. 2. If yes, what was the amount of Angus & Henderson's indebtedness at the time to H. D. Weed? *A.* $6.50. 3. Did Angus & Henderson, in stating, in the list of creditors filed by them in the office of the clerk of the circuit court, that they were indebted to *Smith Bros. & Erskine* in the sum of $109.63, act in good faith with intent to state the true amount as they believed it to be? *A.* Yes."

The plaintiffs moved the court to set aside the above third finding of fact, because contrary to the evidence, and for a new trial. The court denied the motion. The garnishee moved for a judgment on the verdict. That motion was granted and judgment entered accordingly. The plaintiffs appeal therefrom.

For the appellants there was a brief by *Miles & Gleason,* attorneys, and *Tomkins & Merrill,* of counsel, and oral argument by *Mr. Tomkins.*

For the respondent there was a brief by *Knight & Hayes,* and oral argument by *Mr. E. A. Hayes.*

LYON, J. The alleged errors upon which the plaintiffs claim a reversal of the judgment herein will be stated and considered in their order.

I. It is claimed that the assignment by the firm of Angus & Henderson to the garnishee, *Bowen,* is void upon its face for uncertainty, in that it does not provide to whom the proceeds of the assigned property shall be paid. After providing for the payment of the expenses of the assignment,

the instrument directs that the assignee " shall pay and dis-· charge the debts due and owing by the said parties of the first part *to and in the order and manner following, that is to say:* Lastly, after the payment of all costs and charges and expenses attending the execution of the trusts hereby created, and the payment and discharge in full of the lawful debts owing by the said parties of the first part, of any and every kind and description," if any part or portion of the proceeds shall remain in the hands of such assignee, the same shall be paid to the assignors.

The alleged uncertainty consists in the use of the above italicized words in the instrument, to wit: "*to and in the order and manner following, that is to say.*" These words are usual and necessary in the old form of assignments with preferences, when preferences were allowed. They have no office or significance in an assignment without preferences. Manifestly, they were inadvertently inserted by following too closely the old forms, and may be rejected as surplusage. They can prejudice or mislead no one. The assignment, on its face, is by the firm for the benefit of all the firm creditors alike, and there is no element of uncertainty in· it in the matter alleged. Neither is it an assignment for the benefit of the individual creditors of the partners. The whole instrument negatives that proposition. It is clearly for the benefit of the firm creditors only.

II. It is claimed that each of the partners constituting the firm of Angus & Henderson was largely indebted to the firm, and that the assignment is void because such indebtedness was not included in the inventory of the assets of the firm. Each partner was liable for all the indebtedness of the firm, and the state of the account of each with the firm, or with the other partner, was of no importance to creditors. Indeed, it cannot definitely be known how the accounts stand between the partners until the partnership affairs are fully adjusted. When the affairs of the firm are

adjusted, one partner may be found indebted to the other partner; but it is doubtful whether it can be correctly said that a partner is indebted to his firm. But, however that may be, we are aware of no rule of law, statutory or otherwise, which requires the schedules filed with the assignment of a partnership to show the state of the accounts between the firm and the individual partners, or between such partners. It could benefit no one, and the law requires no such useless statement.

III. It is further claimed that the books of Angus & Henderson show indebtedness of the firm, in small amounts, to several persons not named in the list of creditors, and that the assignment is void for that reason. Without discussing the testimony on that subject, it is sufficient to say that it is very doubtful whether there are any such omissions, and if there are any, the undisputed evidence shows that they occurred through innocent mistake of the assignors, caused by want of accurate knowledge of the state of their accounts with such persons. Such being the testimony, the court rightly held that those omissions (if any there were) did not invalidate the assignment. R. S. sec. 1697.

IV. In the list of creditors the demand of the plaintiffs was stated at less than half the amount they afterwards recovered. The jury found that the statement was made by the assignors in good faith, with intent to state the true amount as they believed it to be. The evidence abundantly supports the finding, and we cannot disturb it.

V. It only remains to determine whether the finding of the jury that the court commissioner, to whom the assignee's bond was delivered, was at that time a creditor of the assigning firm to the amount of $6.50, renders the assignment invalid. The facts as testified to by the commissioner are briefly as follows: He had a book account against Angus & Henderson, when the assignment was executed, of $11.25. At the same time that firm had an account against him of

$12.72. After the assignment the firm account was presented to him at his request. He made no objection to it, but entered the same on his own books, and, as he thinks, balanced the accounts. He says, in substance, that he has no claim against the firm. He thinks that one item in the firm account was rather overcharged. On this testimony it is somewhat difficult to see how the jury could reach the conclusion that he was a creditor of the firm for any sum. But leaving the finding as it is, and conceding for the purposes of the case that an assignment is invalid if the court commissioner approving the bond is a creditor of the assignor, still it does not by any means follow that this assignment is void. The jury cannot make the commissioner a creditor without his consent, and thus disqualify him from exercising his official functions. Notwithstanding the finding, he substantially disclaims being a creditor of the assignors, and in fact is not such creditor.

We had precisely this question in *Perkins v. Shadbolt*, 44 Wis. 574. In that case certain orders made by the county court in the progress of administration were appealed to the circuit court. Commission·rs to adjust claims against the estate had theretofore allowed a claim in favor of the circuit judge. His right to determine the appeal was challenged for that reason, but the judge heard the appeal, asserting that he had no claim against the estate. We there said: "But the judge certified, in substance, that he was not a creditor of the estate and claimed no interest in it, and overruled the objection. We think he ruled correctly. The commissioners could not disqualify him by putting his name in the list of creditors when he was not in fact a creditor and claimed no interest in the estate."

The purpose of the statute in requiring that the commissioner to whom the bond is delivered shall not be a creditor of the assignor, was to protect the interests of creditors by securing a disinterested officer to pass upon the sufficiency

of the sureties.   No complaint is here made that the assignee's bond in this case is not amply secured, or that the commissioner failed in any respect fully to discharge his duty. If there were no other rule upon which the validity of this assignment could be maintained, we should not hesitate, under the circumstances, to apply to the alleged indebtedness of the commissioner, trivial as it is, the maxim, *de minimis non curat lex;* but resort need not be had to that maxim, for *Perkins v. Shadbolt, supra,* is decisive of the question.

Upon the whole case our conclusions are that the assignment is valid, and that the record discloses no material error in the rulings of the circuit court.

*By the Court.*— The judgment of that court is affirmed.