Batten vs. Richards, Garnishee, etc.

BATTEN, Appellant, vs. RICHARDS, Garnishee, etc., Respondent.

*November 22 — December 13, 1887.*

*Voluntary assignment: Fraudulent conveyance: Garnishment: Burden of proof: Court and jury.*

1. Previous fraudulent transfers of property do not affect the validity of a general assignment for the benefit of creditors, and cannot be considered upon the trial of an issue made upon the answer of the assignee as garnishee of the assignor.

2. Where the inventory and list of creditors were filed in time and properly certified, the burden of showing their incorrectness is upon the party alleging it; but when omissions are shown, the party seeking to sustain the assignment has the burden of showing that they were not intentional but made by mistake.

3. Where upon garnishment of the assignee the validity of the assignment is in issue, the question whether it was made with intent to defraud creditors is not necessarily triable by a jury, and if certain other questions have been answered by a jury adversely to the plaintiff, and the court has refused a new trial and rendered judgment dismissing the action, it must be held that the court determined that the assignment was not void as made with fraudulent intent.

APPEAL from the Circuit Court for *Dane* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is a garnishee action commenced by the plaintiff, *Batten*, against *R. T. Richards*. The garnishment is upon a judgment in favor of the plaintiff against Richard S. Smith and George J. Smith, and the garnishee summons was issued after judgment in favor of *Batten* against said Smiths, and execution issued upon said judgment against the said Smiths. The Smiths were merchants. They had failed in business, and made a voluntary assignment in favor of their creditors; and the said *R. T. Richards* was the assignee named in such voluntary assignment. The object of the garnishment proceeding was to subject the property and money in the hands of such assignee to the payment of the judgment in favor of the plaintiff, *Batten*. The garnishee denied that he had any property or money in his possession belonging to the said Smiths or either of them, and he also denied that he was indebted to them or either of them. The plaintiff took issue upon this denial, and the case was tried by the court and a jury. At the close of the evidence, the learned circuit judge submitted to the jury the following questions as their findings in the case: "(1) Had the assignors or either of them any property at the

time of the assignment not afterwards included in the inventory?" (2) "If in answer to the foregoing question you say 'yes,' were the omissions or any of them intentionally made, or were they made by mistake?" (3) "Did the list of creditors embrace all the creditors of the assignors?" (4) "If you say 'no' to the foregoing question, were any of the omissions that you find intentionally made, or were they a mistake?" (5) "What amount in money do you find in the hands of the defendant, received under the assignment?" (6) "What amount do you find due the plaintiff on the judgment upon which the garnishee proceedings are instituted?" The jury answered the first question, "Yes;" the second question, "By mistake;" the third question, "Yes;" the fourth question, "No answer;" the fifth question, "$2,380;" and to the sixth question, "$1,348." There is no claim but that the answers to the fifth and sixth questions were correct. The plaintiff moved to set aside the verdict and for a new trial, assigning various reasons therefor. This motion was denied, and exception duly taken, and afterwards the court ordered judgment dismissing the action with costs; and judgment was entered accordingly, from which the plaintiff appealed to this court.

The cause was submitted for the appellant on briefs by *J. P. Smelker*, and for the respondent on the brief of *J. M. Smith*.

TAYLOR, J. Most, if not all, the material questions discussed by the appellant on this appeal, and which he insists were wrongly decided by the trial court, were discussed by the appellant and decided against him on a former appeal from the judgment of the circuit court upon a traverse of the affidavit for an attachment, which was issued in the original action of the appellant against the said Smiths, and upon which attachment the property in the hands of the present garnishee, as assignee of said Smiths, was at-

tached.   The affidavit upon which the attachment was
issued alleged that the defendants the Smiths had assigned,
conveyed, disposed of, or concealed, or were about to assign,
convey, dispose of, or conceal, their property, or some part
thereof, with intent to defraud their creditors, and that the
defendants fraudulently contracted one of the debts for
which this action is brought.   This affidavit was traversed
by the defendants, and the issues formed by such traverse
were tried; and the circuit court found in favor of the de-
fendants the Smiths, and set aside the attachment.   From
the order setting aside the attachment, an appeal was taken
to this court, and the order was affirmed.   See *Batten v.
Smith*, 62 Wis. 92.   By an examination of the record in
that case, it will be found that the same evidence was relied
upon by the appellant, *Batten*, to reverse the order in that
case, which is relied upon on this appeal to reverse the
judgment appealed from in this case.   The assignment
which is attacked as fraudulent in law or in fact in that
case is the same assignment attacked in this case, and, as
stated, upon substantially the same evidence.   In that case,
it was held by this court that any fraudulent transfer of
property by the Smiths before the assignment was made
could not affect the validity of such assignment, or render
it void as to their creditors; and we see no reason for ques-
tioning the reasons of Justice CASSODAY, in the opinion in
that case, sustaining that position.   See 62 Wis. 98, 99.
We think the circuit judge rightly excluded from the con-
sideration of the jury in the case at bar all questions as to
what, if any, fraudulent transfers had been made by the
Smiths previous to the execution of the assignment, and
that he properly confined them to matters which went to
the validity of the assignment.

The only questions which were raised by the evidence
which affected the validity of the assignment itself were
those submitted to the jury, viz.: Did the assignors, within

the time prescribed by law, file a correct inventory of their assets, and a correct list of their creditors? and, second, If they did not, was the incorrectness of the inventory and list intentional on the part of the assignors, or did it result from mistake? These questions were also raised in the traverse of the affidavit in the case against the Smiths, and the evidence on that traverse upon these questions was in substance the same as in the present case. The issues were found against the appellant in that case, as they were in the present case. In the opinion of the court on the former appeal it is said: "Without going into details, it is enough to say that we find no evidence of intentional omission of any property from the inventory, nor any evidence that in making the assignment the defendants intended to defraud any of their creditors." We do not cite the former case for the reason that we consider the matter in this case as *res adjudicata*, but simply as an adjudication against the appellant upon the issues raised in this case, supported by substantially the same evidence as in the former case. It seems to us that, unless we are prepared to say that we were wrong in the former case, we cannot disturb the verdict of the jury upon the issues decided by them in the case at bar.

If the omissions in the inventory of assets or in the list of creditors were omissions caused by mistakes of law or fact, then the assignment was not avoided by such omissions. See *Farwell v. Gundry*, 52 Wis. 268; *Smith v. Bowen*, 61 Wis. 258; *Mather v. McMillan*, 60 Wis. 546; *Steinlein v. Halstead*, 52 Wis. 291; and *Batten v. Smith, supra*. The material questions of fact on the trial of this case were submitted to the jury, and they have found in favor of the respondent. After a careful consideration of the evidence, we think their verdict is not so clearly against the evidence in the case as would justify us in reversing the order of the circuit judge in refusing to grant a new trial upon these questions of fact.

It is insisted by the learned counsel for the appellant that the circuit judge erred in his instructions to the jury. We do not deem it necessary to consider in detail the twenty-two separate exceptions to such instructions. After a careful reading of the instructions we can find nothing which seems to us to be erroneous, in view of the fact that the only questions which were submitted to the jury for their decision were the ones above stated. There certainly is nothing in the instructions which could have misled the jury in determining the questions submitted to them. The learned counsel for the appellant insist that the learned judge erred in stating the law as to the burden of proof. We think otherwise. The learned judge stated that when the inventory and list were made and filed in time, properly certified, the presumption was that they were correct, and the burden of proof showing their incorrectness was on the party alleging such incorrectness. This is certainly correct. He also stated that when the attacking party shows that they are not correct, and that assets are omitted from the inventory, then the burden of proof is on the party seeking to sustain the assignment to show that such omissions were made by mistake and were not intentional. This is also clearly correct. These instructions gave the jury the correct rules of law for the determination of the questions submitted to them. The court did not err in refusing to give the general instructions requested by the appellant upon this point. The other instructions requested and refused were properly refused because the jury were not asked to find whether, upon the whole evidence, the assignment was void. If it be insisted that there was the general question in the case, whether, upon the whole evidence, the assignment was not shown to have been void because made with an intention to defraud the creditors of the assignors, that question was not submitted to the jury, nor did the appellant ask to have it submitted to them, and we must conclude that the court decided that question against the appellant.

This being a garnishee action, the issues in the case, of the nature of those raised by the evidence in this case, were not necessarily triable by a jury, and any material issue which was not submitted to the jury the court had the right to determine. If, therefore, upon all the evidence, there was anything appearing which tended to show that the assignment was fraudulent in fact, notwithstanding that it was valid in form, and the inventory of assets and list of creditors were not intentionally incorrect, that issue, we must conclude, was found against the appellant by the court, in refusing to grant a new trial, and in directing that the action be dismissed.

There is certainly nothing in the evidence which establishes the invalidity of the assignment as a matter of law; and the court and jury having found the issues of fact against the appellant, upon, as we think, sufficient evidence, the learned circuit judge was right in refusing to set aside the verdict and grant a new trial.

*By the Court.*— The judgment of the circuit court is affirmed.