W. S. MARLIN, *Assignee*, v. R. E. TEICHGRAEBER.

No. 12,158. (66 Pac. 234.)

SYLLABUS BY THE COURT.

1. GENERAL ASSIGNMENT— *Chattel Mortgage—Fraud.* A corporation, being insolvent and having decided to draw its business to a close, executed a chattel mortgage to a creditor, and on the next day made a general assignment of all its property for the benefit of creditors, subject to the mortgage. The chattel mortgage was never accepted by the mortgagee and no lien asserted under it. *Held,* that the assignment was not invalidated, and that if the execution of the mortgage and deed of assignment be regarded as part of the same transaction the mortgage alone falls and the assignment is not affected.

2. ———— *Attachment—Insufficient Ground.* There being no fraud shown which inhered in the assignment itself, the fact that the debt sued for was fraudulently contracted furnished no ground for the seizure by attachment of property covered by a deed of general assignment made by the debtor.

Error from Greenwood district court; A. M. JACKSON, judge. Opinion filed October 5, 1901. Division one. Reversed.

*James Schultz*, and *Howard J. Hodgson*, for plaintiff in error.

*D. B. Fuller*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In an action brought by the defendant in error against the Greenwood County Cooperative Exchange Association, a corporation, on an account for goods sold and delivered, a writ of attachment was sued out at the commencement of the suit and levied on personal property in the possession of the assignee for the benefit of the creditors of said corporation. The deed of assignment was executed and delivered on July 15, and the writ of attachment

levied on July 30, 1896. The grounds for the attachment, as stated in the affidavit, were two : (1) That the defendant corporation had assigned, removed and disposed of its property, or a part thereof, with intent to hinder and delay its creditors ; (2) that it fraudulently contracted the debt and incurred the obligation and liability for which the suit was brought.

Upon the hearing of a motion filed by the assignee to discharge the attached property, it appeared that at a meeting of the directors of the association held on July 14, 1896, it was decided to draw the business of the company to a close. A resolution was passed authorizing a mortgage to be executed in favor of the First National Bank to secure a note of the association indorsed by the directors. At an adjourned meeting,. held on the following day, the directors ordered that an assignment be made for the benefit of creditors. Pursuant to this action, a chattel mortgage was executed on July 14 to secure a note to the bank for $350. The bank officers, however, refused to accept the mortgage, giving as a reason that the note held by the bank was amply secured by individual indorsement. The mortgage, however, was filed for record. The deed of assignment purported to transfer all the property of the corporation, for the purpose of paying the debts of the concern ratably and without preference, except that it was subject to the chattel mortgage mentioned. It was shown on the hearing that the balance of the account sued on was contracted for goods obtained on representations which led the seller to believe that the concern was solvent, when in fact the contrary was true, and that had defendant in error known of the true financial condition of the association he would not have parted with his merchandise. On these facts, the court below overruled

the motion of the assignee to discharge the attached property, and ordered the same sold in satisfaction of the claim.

We are quite clear that the court erred in its ruling on the motion. If the execution of the mortgage and deed of assignment be taken together as a part of the same transaction, the mortgage alone falls and the validity of the assignment is not affected. ( *Marshall v. Van De Mark*, 57 Kan. 304, 46 Pac. 308.) If the mortgage was fraudulent as against creditors, the assignee could maintain an action to set it aside. ( *Chapin v. Jenkins*, 50 Kan. 385, 31 Pac. 1084; *Walton v. Eby*, 53 id. 257, 36 Pac. 332.) In this case the mortgage became no lien on the property by reason of its non-acceptance by the mortgagee. No rights were asserted under it, and there is no claim that the debt which the directors attempted to secure by it was not valid and just.

The fact that the debt sued for was fraudulently contracted furnished no ground for the seizure of property covered by the deed of assignment. There was no fraud shown which inhered in the assignment itself or had relation thereto. The false statements on which defendant in error relied when he sold the goods were made more than two months prior to the execution of the assignment. If the seller had rescinded the contract and sought to reclaim his goods from the assignee, a different question would arise. The fraudulent contracting of a debt or obligation is but one of the grounds for attachment contained in the statute. There are ten other. If the mere fact that the defendant's property was subject to attachment would authorize its seizure after it had been assigned for the benefit of creditors, it follows that no assignment for the benefit of creditors made by a non-

resident could be upheld, nor where the assignor had absconded with intention to defraud his creditors, or left the county of his residence to avoid the service of summons, nor where any other act of his justified an attachment under the statute. (*Batten v. Richards, Garnishee, etc.*, 70 Wis. 272, 35 N. W. 542; *Wilson v. Berg*, 88 Pa. St. 167; *Batten v. Smith and another*, 62 Wis. 92, 22 N. W. 342.)

The judgment of the court below will be reversed, with directions to proceed further in accordance with this opinion.

JOHNSTON, GREENE, ELLIS, JJ., concurring.